# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-CV-00518

| | |
|---|---|
| CAROL HAZEL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) ORDER<br>) |
| CALDWELL COUNTY SCHOOLS, CALDWELL COUNTY BOARD OF EDUCATION; | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. No. 16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion has been fully briefed and is ripe for disposition. For the following reasons, the Motion is granted in part, denied in part.

## I. FACTUAL BACKGROUND

Carol Hazel ("Plaintiff") initiated this claim against Caldwell County Schools and Caldwell County Board of Education ("Defendants") alleging (1) disability discrimination in violation of the ADA, (2) retaliation in violation of the ADA, and (3) wrongful discharge in violation of the public policy of North Carolina. Plaintiff voluntarily dismissed her third claim for wrongful discharge.

According to the Complaint, Plaintiff was employed by Caldwell County Schools as an

1

Exceptional Children's Teacher ("EC Teacher"). As an EC Teacher, Plaintiff instructed students with disabilities, maintained IEPs, and provided guidance and education to her students. Plaintiff suffers from hearing loss and regularly wears a hearing aid in each ear. Despite the hearing aids, Plaintiff suffers from significant hearing loss when substantial background noise is present and in larger and open areas. This hearing loss impacts her ability to hear and understand speakers.

Plaintiff alleges that her hearing disability can be reasonably accommodated with the aid of various devices. Specifically, Plaintiff claims to have successfully managed the disability in the past with devices such as an FM Listening System and a Sound Neckloop.

Plaintiff alleges that she provided information concerning her disability and the accommodations she required at the time of her hiring. She followed up approximately one month later, sending reports of her hearing loss and prior recommendations for accommodations to the appropriate parties. These parties included the principal, the director for students with disabilities, and the audiologist for Caldwell County Schools. Shortly after her request in September, Defendant arranged for an audiologist to observe Plaintiff in the classroom. Despite that observation, no one ever followed up with Plaintiff concerning her disability. In late January, the audiologist again observed Plaintiff in the classroom.

On February 22, 2016, at the direction of her doctor, Plaintiff took one week's leave from work. Plaintiff alleges that this leave was due to symptoms stemming from the stress caused by months of teaching without the aids she requested, and from her supervisor's unwillingness to assist her or otherwise engage in the interactive process. On February 29, 2016, Plaintiff met

with a representative with human resources ("HR"). During that meeting, an HR representative allegedly told Plaintiff that her only option was retirement. Plaintiff subsequently retired.

Plaintiff filed suit on June 29, 2017, alleging that Defendants failed to accommodate her disability and forced her into an involuntary retirement.

## II. DISCUSSION

### a. Standard of Review

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conclusory allegations or legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 681.

### b. Caldwell County Schools

Plaintiff brought this suit against both Caldwell County Schools, a school district, and the Caldwell County Board of Education. Under North Carolina law, however, the local board of education—not the local school district—is the entity with legal capacity to sue and be sued. N.C. Gen. Stat. § 115C-40; *see also Miller v. Henderson*, 322 S.E.2d 594, 598 (N.C. Ct. App. 1984). Because the Caldwell County Board of Education is the proper party for defending this

3

suit, Caldwell County Schools must be dismissed from this case.

   c. **Disability Discrimination in Violation of the ADA**

Plaintiff's first claim for relief accuses Defendants of engaging in disability discrimination in violation of the Americans with Disabilities Act ("ADA").

The ADA prohibits covered employers from discriminating against an otherwise qualified employee because of a disability. 42 U.S.C. § 12112(a). "Qualified Individual" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Establishing a prima facie case for failure to accommodate under the ADA requires the Plaintiff to show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the [employer] refused to make such accommodations." *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2000) (citing *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2nd Cir. 1999)).

Here, the existence of a disability, notice of the disability on the part of the employer, and the ability for reasonable accommodations to allow the Plaintiff to perform her essential functions are clearly alleged. This case instead turns on the fourth element of disability discrimination. Defendants claim that Plaintiff has not alleged that she requested specific accommodations. However, this is incorrect. Plaintiff's Amended Complaint states that "Plaintiff had successfully managed the disability for many years prior to working for [D]efendant, with reasonable and available devices such as an FM Listening System, and a Sound Neckloop . . . . On or around August 18, 2015, Plaintiff began working for [D]efendant.

4

At the time of her hire, she provided information concerning her disability and the accommodations she required." (*See* Am. Compl. ¶ 8–9). Therefore, Plaintiff properly alleged both the specific accommodations she required and that Defendant had notice of these specific accommodations.

Contrary to Defendants' claims, Plaintiff has adequately alleged that Defendants refused to make accommodations. For example, Plaintiff claims that Defendants consistently refused numerous attempts to engage in the interactive process. The only attempts by Defendants to meet Plaintiff's needs were two observations of her class by an audiologist. Nothing ever came of either visit, and Plaintiff alleges that her other requests went ignored. These allegations sufficiently state a claim for failure to accommodate.

Defendants' Motion to Dismiss regarding Plaintiff's first claim for relief is denied.

### d. Retaliation in Violation of the ADA

Plaintiff's second claim for relief alleges that Defendants retaliated against Plaintiff by way of constructive discharge. The prima facie case for retaliation requires a plaintiff to prove "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; (3) that there was a causal link between the two events." *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (citing *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005)). Constructive discharge may constitute an adverse employment action "when the record discloses that it was in retaliation for the employee's exercise of rights protected by the Act." *Munday v. Waste Mgmt. of N. Am.*, 126 F.3d 239, 243 (4th Cir. 1997) (quoting *Holsey v. Armour & Co.*, 743 F.2d 199, 209 (4th Cir. 1984), cert. denied, 470 U.S. 1028 (1985)).

To allege constructive discharge, a plaintiff must show "both intolerable working conditions and a deliberate effort by the employer to force the employee to quit." *Johnson v. Shalala*, 991 F.2d 126, 131 (4th Cir. 1993) (quoting *Bristow v. Daily Press, Inc.,* 770 F.2d 1251, 1255 (4th Cir.1985)). The intolerability of working conditions "is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign." *See Elkins v. Pharmacy Corp. of Am.*, 217 F.3d 838 (Table), 2000 WL 962669, at *2 (4th Cir. 2000). While "the Fourth Circuit has cautioned against finding a constructive discharge upon the premise that the employer failed to afford the plaintiff reasonable accommodation," such a finding is nevertheless proper when an employee "present[s] evidence that the employer intentionally sought to drive him from his position." *Phillips v. Donahoe*, No. 1:11CV279, 2013 WL 646816 at *12 (M.D.N.C. 2013).

Here, Plaintiff has sufficiently alleged that her working conditions were intolerable. Specifically, Plaintiff alleges that "[when] substantial background noise is present… her hearing loss substantially impacts her ability to hear and understand speakers and constitutes a substantial limitation of her major life activity of hearing." (Am. Compl. ¶ 7). According to the Amended Complaint, these problems were so severe that Plaintiff's doctor recommended a leave of absence. Plaintiff also sufficiently alleges that Defendants forced her to quit. Specifically, Plaintiff alleges that she met with an HR representative who "refused to make any accommodations, refused to approve medical leave, and told plaintiff that her only option was retirement." (Am. Compl. ¶ 15).

Defendants' motion to dismiss with regard to Plaintiff's retaliation claim is denied.

6

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 16) is **GRANTED IN PART, DENIED IN PART**. Defendant Caldwell County Schools is hereby dismissed from this suit.

**SO ORDERED.**

Signed: July 6, 2018

Graham C. Mullen
United States District Judge